UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DARRELL FERTAKOS,**<br><br>*Plaintiff,*<br><br>v.<br><br>**TELEBRANDS, INC. d/b/a TELEBRANDS, et al.,**<br><br>*Defendants.* | Civil Action No. 15-2855<br><br>**MEMORANDUM OPINION AND ORDER** |

**THIS MATTER** comes before the Court on Plaintiff Darrell Fertakos' ("Plaintiff") motion to reconsider the Court's May 16, 2016 Order ("May 16 Order"), Dkt. No. 17, and it appearing that:

1.  Plaintiff seeks reconsideration of the dismissal of Count 2 ("Theft of Intellectual Property"), Count 7 ("Conversion"), Count 9 ("Negligence"), Count 10 ("N.J. R.I.C.O."), Count 11 ("Gross Negligence"), and Count 14 ("Breach of Fiduciary Duty") on the ground that they are not time-barred.

2.  Parties seeking reconsideration must show "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

3.  Plaintiff has not made a sufficient showing here.

4.  The Court did not dismiss Counts 2 or 7 on statute of limitations grounds. It dismissed Count 2 because there is no cause of action for theft of intellectual property, Oral Arg. Tr. dated May 16, 2016 ("Tr.") at 13:4-11, and Count 7 because "a conversion claim could not lie

1

for a conversion of intellectual property," id. at 13:1-3.

5.     The Court did dismiss Counts 9, 10, 11, and 14 on statute of limitations grounds, but also offered alternative bases for dismissal: the RICO claim did not assert a predicate criminal act, id. at 12:4-6, and the tort claims did not assert a duty that is defined separate from the parties' contract, id. at 13:14-16.  Plaintiff's motion for reconsideration does not address these holdings.

6.     In any event, Plaintiff's statute of limitations arguments are unpersuasive.  He asserts that the issue was wrongly decided because the Court's accrual date was incorrect and the discovery rule should have applied.  But these arguments amount merely to disagreements with the Court's ruling and are reassertions of arguments the Court already considered.  See Marracco v. Kuder, No. 08-713, 2009 WL 235469, at *2 (D.N.J. Jan. 30, 2009) (rejecting reconsideration for same reasons).

7.     Moreover, the Court is satisfied that the two-year statute of limitation began to run in 2012 because Plaintiff pled that Defendants informed him about the breach that year, which makes this 2015 complaint untimely.  See id. at 12:4-21; see also Compl. ¶ 66, Dkt. No. 4 (alleging Defendants told Plaintiff "in or about 2012 . . . that if he wanted to be paid he would have to file a lawsuit").

**IT IS** on this 16th day of December, 2016,

**ORDERED** that Plaintiff's motion for reconsideration is **DENIED**.

*/s Madeline Cox Arleo*  
**HON. MADELINE COX ARLEO**  
**UNITED STATES DISTRICT JUDGE**