# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| Chambers of<br>**Leda Dunn Wettre**<br>United States Magistrate Judge | Martin Luther King Federal Building<br>& U.S. Courthouse<br>50 Walnut Street<br>Newark, NJ 07101<br>(973) 645-3574 |
|---|---|

November 18, 2024

To:   All parties of record

**LETTER OPINION AND
REPORT AND RECOMMENDATION**

Re:   *Fertakos v. Telebrands, Inc., et al.*, No. 15-cv-2855 (MCA) (LDW)

Dear Litigants:

This matter comes before the Court by way of defendants Telebrands, Inc., Ajit J. Khubani, and Poonam Khubani's Motion to Strike or, Alternatively, to Seal miscellaneous filings submitted by or on behalf of *pro se* plaintiff Darrell Fertakos.  (ECF 125).  Plaintiff has not responded to the motion.  This motion is decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure.  Having considered all written submission, defendants' Motion to Strike or Seal is **DENIED**.  Having reviewed the miscellaneous filings, in which plaintiff and several non-parties seek to have the case reopened and the docket sealed, the Court further recommends to the Honorable Madeline Cox Arleo, U.S.D.J. that plaintiff's requests to "reopen or vacate and redo" this action be **DENIED**.

## Background

Plaintiff Darrell Fertakos, acting through counsel, initiated this action on April 22, 2015.  (ECF 1).  Plaintiff generally alleged that he entered into an "understanding" with defendant Ajit J. Khubani whereby he would share product ideas with Khubani, and Khubani's businesses, including Telebrands, Inc., would develop and market the products, giving plaintiff a portion of the profits from product sales.  (Corrected Am. Compl. ¶ 21, ECF 39).  According to plaintiff, defendants used his ideas, but failed to list him as a co-inventor on a patent application and failed to compensate him.  (*Id.* ¶¶ 38-49).  The parties appeared at a settlement conference before the undersigned on October 13, 2017, at which they reached a confidential settlement in principle. The parties placed the essential terms of the settlement on the record, (ECF 116), and eventually reduced the agreement to writing.  (ECF 131).  In light of the settlement, the Honorable Madeline Cox Arleo, U.S.D.J. entered an order dated October 16, 2017 administratively terminating the case, giving the parties 60 days to file all papers necessary to dismiss this action, and notifying the parties that failure to file dismissal papers or request to reopen the case within 60 days would result in dismissal of the action with prejudice.  (ECF 113).  Having heard nothing from the parties in the time specified, Judge Arleo dismissed the case with prejudice and

without costs pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure on December 18, 2017. (ECF 117). The dismissal order did not retain jurisdiction over the settlement agreement.

More than six years after this case was dismissed with prejudice, the Court received:

1. A February 22, 2024 letter from non-party Pastor David Bulka of the First Baptist Church of Caldwell attesting to the character of "Mr Darryl Fertgus" and requesting that the Court help plaintiff "get his credibility back from the slanderous internet articles promoted by [T]elebrands." (ECF 120);
2. A March 7, 2024 letter from non-party Charles Robinson, also signed by plaintiff, stating that plaintiff was slandered in an unspecified 2010 Wall Street Journal article and requesting that the Court "consider sealing the court documents related to his case, or grant Fertakos a hearing to reopen or vacate as the law requires since Fertakos has evidence of significant fraud, perjury and misrepresentations made by the opposition." (ECF 121);
3. A second letter from non-party Charles Robinson dated March 11, 2024 that is substantially similar to the March 7, 2024 letter but submitted solely in his own name and not signed by plaintiff. (ECF 122); and
4. A May 14, 2024 80-page submission from plaintiff generally lauding himself as an inventor, revisiting the allegations in this case, accusing defendants, defense counsel, and his own counsel of widespread fraud, lies, and other misconduct, and requesting "removal of Attorney James Dezao in regards to my case," as well as "to seal, reopen or vacate and redo case." (ECF 123).

On September 3, 2024, six months after this letter-writing campaign began, defendants filed the instant motion to strike the miscellaneous submissions at ECF 120, 121, 122, and 123 pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, or alternatively to seal them, contending that the filings contain harassing, scandalous, and abusive statements about defendants that violate a non-disparagement clause in the parties' settlement agreement.[1]

---

[1] Shortly after defendants filed this motion, the Court received three additional letters:

1. A second letter from non-party Pastor David Bulka dated September 7, 2024 expressing support for plaintiff, who "has been damaged by ongoing fake news, defamation and lies by Telebrands network." (ECF 127);
2. A September 30, 2024 submission from plaintiff reiterating allegations of fraud and misconduct by defendants, defense counsel, and his own counsel. (ECF 132); and
3. An October 1, 2024 letter from non-party Dr. Shaam P. Sundhar relating his own experience with defendants, repeating plaintiff's accusations against defendants, and requesting that this case be sealed. (ECF 129).

Messrs. Bulka, Robinson, and Sundhar are not parties to this action, nor are they attorneys representing the plaintiff. They lack both standing and authority to request any kind of relief on behalf of plaintiff, and their submissions will be disregarded. To the extent defendants take issue with the substance of any non-party submission, they may seek redress against the author directly in a court of competent jurisdiction.

**Motion to Strike**

Rule 12(f) of the Federal Rules of Civil Procedure authorizes the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The purpose of a motion to strike is to simplify the pleadings and save time and expense by excising from a plaintiff's complaint any redundant, immaterial, impertinent, or scandalous matter which will not have any possible bearing on the outcome of the litigation." *Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 609 (D.N.J. 2002) (quotation omitted). That being said, "even where the challenged material is redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted unless the presence of the surplusage will prejudice the adverse party." *S.J. by Jones v. Avanti Prods. LLC*, No. 18-cv-15003 (WJM), 2019 WL 943521, at *1 (D.N.J. Feb. 26, 2019) (quotation omitted).

By its terms, Rule 12(f) permits the Court to strike inappropriate material from a pleading. Defendants provide no authority for extending Rule 12(f)'s reach to materials outside of the pleadings, and certainly not to extraneous materials filed in a long-dismissed case, with no remaining issues to litigate.[2] Even if Rule 12(f) could be read so broadly, defendants have not identified any appreciable prejudice they will suffer if plaintiff's submissions remain on the docket. These proceedings concluded in 2017 and there are no live claims that could be influenced or waylaid by what defendants characterize as "unhinged accusations, conspiracy theories, and other scandalous and harassing allegations about Defendants as well as others." (ECF 125-1). If defendants believe these submissions constitute a breach of the parties' settlement agreement or are defamatory, they are free to pursue such civil claims in a court of competent jurisdiction. But they cannot use Rule 12(f) in an effort to sanitize the docket of this closed case. Instead, as discussed below, the Court will screen any further letters from or on behalf of plaintiff to ensure that irrelevant submissions are not filed on the public docket.

**Motion to Seal**

Alternatively, defendants seek to seal the submissions at ECF 120, 121, 122, and 123. Despite the fact that he filed and litigated this action on the public docket for years, plaintiff too requests sealing – ostensibly of all documents filed to date. There is "a common law public right of access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). To overcome the strong presumption of access that attaches to judicial records, a movant must show that an "'interest in secrecy outweighs the presumption.'" *In re Avandia Mktg., Sales*

---

[2] Defendants' reliance on *Fowler v. Borough of Westville*, 97 F. Supp. 2d 602, 607 (D.N.J. 2000) is misplaced. In *Fowler*, the Court struck affidavits submitted in support of a motion for summary judgment because they contained statements "based on mere belief, rather than personal knowledge" in violation of what is now Rule 56(c)(4) of the Federal Rules of Civil Procedure, not Rule 12(f). The remaining cases cited by defendants all pertain to Rule 12(f) motions to strike portions of a party's pleading and do not support the relief they request. *See, e.g.*, *Anderson v. Davis Polk & Wardwell LLP*, 850 F. Supp. 2d 392, 417 (S.D.N.Y. 2012) (striking "taunting asides" from *pro se* plaintiff's amended complaint); *Conklin v. Anthou*, 10-cv-02501 (YK), 2011 WL 1303299, at *1 (M.D. Pa. Apr. 5, 2011) (striking allegations against judicial officers from *pro se* plaintiff's complaint).

*Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986)). Accordingly, Local Civil Rule 5.3(c)(3) requires a party seeking to seal judicial records to file a motion that includes "an index, substantially in form suggested by Appendix U, describing with particularity: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request."

Neither defendants' request to seal the submissions at ECF 120, 121, 122, and 123 nor plaintiff's request to seal the docket in its entirety complies with Local Civil Rule 5.3 and could be denied on that basis alone. More importantly, however, the parties' respective applications must be denied because the materials sought to be sealed have been publicly available on the docket for months, if not years. Plaintiffs' submissions were docketed between February 22, 2024 and May 14, 2024, yet defendants did not move to seal them until September 2024. (*See* ECF 120, 121, 122, 123, 125). Other documents which plaintiff seeks to seal have been publicly available since at least 2017. While a short delay in moving to seal might not, in appropriate circumstances, preclude sealing, allowing documents to remain in the public domain for months without objection forecloses such relief. Simply put, "[p]ublic disclosure cannot be undone." *Constand v. Cosby*, 833 F.3d 405, 410 (3d Cir. 2016). *See also Labelle v. Future FinTech Grp., Inc.*, 24-cv-247 (JSA), 2024 WL 4275226, at *9 (D.N.J. Sept. 24, 2024) (denying belated motion to seal publicly filed documents because "the Court cannot undo the public disclosure that has already occurred"); *PACT XPP Schweiz AG v. Intel Corp.*, 19-cv-01006 (JDW), 2024 WL 3966753, at *2 (D. Del. Jan. 4, 2024) (denying in part motion to seal because "[t]here can be no risk of harm from disclosing information [that] is already publicly available"); *Gelorme v. Ferraccio Family Markets of Pa., Inc.*, 12-cv-1340 (JNR), 2023 WL 2811654, at *2 (W.D. Pa. Apr. 6, 2023) (denying motion to seal entire docket filed years after case was dismissed and noting that movant's "'interest in secrecy' is lessened by the passage of time and the nature of the prior disclosure"). *See also* Local Civ. R. 5.3(e) ("No docket shall be sealed."). Accordingly, unsealed documents will remain unsealed.

### Report and Recommendation

Although the status of plaintiff's representation previously was uncertain, plaintiff states that he is representing himself "for now." (ECF 132). Accordingly, the Court has considered *pro se* plaintiff's May 14, 2024 and September 30, 2024 submissions, which are generally improper and largely devoted to criticizing defendants and rehashing his history with them. They do, however, raise a few dispositive issues that require further discussion.

First, plaintiff seemingly seeks to continue this action in an attempt to enforce provisions of the parties' 2017 settlement agreement. "Enforcement of the settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen v. Guardian Life. Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). Unless the Court in its dismissal order agrees to retain jurisdiction over the settlement, "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal

4

jurisdiction." *Id.* at 382. The Court's December 18, 2017 dismissal order did not retain jurisdiction over the parties' settlement agreement. Therefore, to the extent any party seeks to enforce the settlement agreement, they must file a new action for breach of contract. As the pleadings in this matter suggest that complete diversity of citizenship amongst the parties is lacking, any such action presumably would be filed in state court. *See Cintron v. N.J.*, 10-cv-195 (NLH), 2014 WL 5393052, at *2 (D.N.J. Oct. 22, 2014) (denying for lack of subject matter jurisdiction motion to enforce settlement filed after dismissal of action).

Second, as this action was dismissed with prejudice, the Court lacks jurisdiction to entertain plaintiff's complaints about the conduct of his former counsel and defense counsel.

Finally, although plaintiff's submissions repeatedly request that this matter be reopened, he raises no legal grounds for doing so. As plaintiff is proceeding *pro se*, the Court will liberally construe his papers as seeking relief from a "final judgment, order, or proceeding" pursuant to Rule 60(b) of the Federal Rules of Civil Procedure on the basis of "fraud . . ., misrepresentation, or misconduct by an opposing party" and "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(3), (b)(6). A motion under Rule 60(b)(3) must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). As plaintiff waited more than six years after dismissal of this action to request reopening, Rule 60(b)(3) is not available to him. And while a motion under Rule 60(b)(6) is not subject to a one-year limitations period, such motion must be filed "within a reasonable time." *Id.* Six years is well beyond the range of reasonableness recognized in the Third Circuit for a Rule 60(b)(6) motion, particularly as plaintiff offers no explanation for the extensive delay in seeking to reopen this matter. *See United States v. Mishra*, 784 F. App'x 53, 54 (3d Cir. 2019) (affirming denial of Rule 60(b)(6) motion filed more than two years after entry of final order as untimely).

Even if plaintiff's application could be considered timely, it sets forth no basis for reopening this case. In order to obtain relief from a final order under Rule 60(b)(3), "the movant must establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case." *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983). Evidence of fraud "must be clear and convincing." *Floorgraphics Inc. v. News Am. Mktg. In-Store Servs., Inc.*, 434 F. App'x 109, 111 (3d Cir. 2011) (quotation omitted). Plaintiff accuses defendants of "falsify[ing] business records and shar[ing] forged patent search reports to conceal records and make misrepresentations." (ECF 123). Plaintiff does not cite to any particular business records he believes to be falsified, nor is it apparent how a search of the United States Patent and Trademark Office's publicly available database of patents could be forged. Moreover, plaintiff offers no explanation as to how this alleged fraud affected his ability to present his case, which was consensually resolved by way of settlement.

"[T]he Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." *In re Fine Paper Antitrust Litig.*, 840 F.2d 188, 194 (3d Cir. 1988) (quotation omitted). The Court has carefully reviewed plaintiff's May 14, 2024 and September 30, 2024 submissions and finds no exceptional circumstances warranting relief under Rule 60(b)(6).

Plaintiff's request for relief from a final order pursuant to *Hazel-Atlas Glass Co. v.*

5

*Hartford-Empire Co.*, 322 U.S. 238 (1944), fares no better. In *Hazel-Atlas*, the Supreme Court recognized that "under certain circumstances, one of which is after-discovered fraud [on the court], relief will be granted against judgments regardless of" their finality. *Id.* at 244. Fraud on the court is distinct from the type of party fraud covered by Rule 60(b)(3). To obtain relief under *Hazel-Atlas*, plaintiff must establish through "clear, unequivocal and convincing evidence" that there was "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) that in fact deceives the court. . . . [T]he fraud on the court must constitute egregious misconduct such as bribery of a judge or jury or fabrication of evidence by counsel." *Herring v. United States*, 424 F.3d 384, 387, 390 (3d Cir. 2005) (internal quotation and alteration omitted). Plaintiff has not alleged, much less provided clear and convincing evidence of any conduct by defendants or their counsel that acted to deceive the Court or corrupt the integrity of these proceedings. Therefore, the Court recommends to the Honorable Madeline Cox Arleo that plaintiff's requests to "reopen or vacate and redo" this matter be denied.

## Conclusion

This case was dismissed with prejudice nearly seven years ago. None of plaintiff's letters, nor the letters submitted by non-parties on his behalf, raise a cognizable basis to revisit that dismissal. This matter is closed and will remain closed. Plaintiff is directed to cease filing and/or orchestrating the filing of letters regarding his character and that of defendants. The Clerk of Court shall direct any future submissions from plaintiff or a non-party on his behalf in this action to the undersigned for screening prior to filing for a determination that they comply with this Order and seek actual relief.

Accordingly, defendants' Motion to Strike or Seal (ECF 125) is **DENIED**. It is **SO ORDERED**.

Furthermore, the Court respectfully recommends that plaintiff's requests to reopen this matter be **DENIED**. The parties are hereby advised that, pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, they have 14 days after being served with a copy of this Report and Recommendation to file and serve specific written objections to the recommendation regarding reopening the case to the Honorable Madeline Cox Arleo, U.S.D.J.

The Clerk of Court is directed to serve a copy of this Order on *pro se* plaintiff by U.S. Mail addressed to: Darrell Fertakos, 125 Van Wyck Road, Lake Hiawatha, N.J. 07034.

    *s/ Leda Dunn Wettre*
    Hon. Leda Dunn Wettre
    United States Magistrate Judge

Orig: Clerk
cc: Honorable Madeline Cox Arleo, U.S.D.J.
    Parties of Record